1   LAW OFFICE OF KEVIN M. WELCH
    Kevin M. Welch, Esq. (SBN 254565)
2   *Kevin@kmwlawoffice.com*
    P.O. Box 494, Hermosa Beach, CA 90245
3   Tel.: (310) 929-0553
    Fax: (310) 698-1626
4

5   LAW OFFICES OF CRAIG HOLIDAY
    Craig Holiday, Esq. (SBN 222803)
6   *Craig@holidaylegal.com*
    4600 Campus Drive, Suite 108
7   Newport Beach, CA 92660
    Tel.: (949) 261-0288
8   Fax: (949) 261-0988

9   Attorneys for Plaintiff,
    DANIEL HENDERSON
10

11                  UNITED STATES DISTRICT COURT

12                  CENTRAL DISTRICT OF CALIFORNIA

13                       WESTERN DIVISION

14

15  DANIEL HENDERSON, an          | Case No.: CV-11-01350 DDP-DTB
    individual,
16                                | **PLAINTIFF'S MEMORANDUM OF**
                 Plaintiff,       | **POINTS AND AUTHORITIES IN**
17                                | **OPPOSITION TO DEFENDANTS'**
         v.                       | **MOTION TO DISMISS OR, IN THE**
18                                | **ALTERNATIVE, FOR SUMMARY**
    MATTHEW LINDLAND, an          | **JUDGMENT**
19  individual, TEAM QUEST FIGHT
    CLUB, LLC, a Oregon limited
20  liability company, and DOES 1
    through 10, inclusive,
21                                | Hearing Date:   June 13, 2011
                 Defendants.      | Time:           10:00 am
22                                | Courtroom:      3, 2nd floor
                                  | Judge:          Hon. Dean D. Pregerson
23

24

25

26

27

28

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN**
**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE**
**ALTERNATIVE, FOR SUMMARY JUDGMENT**

1

TABE OF CONTENTS

I.  INTRODUCTION AND SUMMARY OF ARGUMENT...................1

A. Procedural Deficiencies of Defendant's Motion............................2

II. STATEMENT OF FACTS..........................................................3

III.LEGAL ARGUMENTS..............................................................7

A. Standard of Review for F.R.C.P. 12(b)(6) and 12(c).....................7

B. Plaintiff has Sufficiently Plead a Short Plain Statement of the Court's
   Jurisdiction Pursuant to F.R.C.P. 8(a)(1).....................................7

C. Plaintiff Sufficiently Alleged a Short Plain Statement of the Claim Showing
   the Pleader is Entitled to Relief Pursuant to F.R.C.P. 8(a)(2)...............8

D. Conclusion Regarding F.R.C.P.  12(b)(6) and 12(c)

IV.LEGAL ARGUMENT REGARDING SUMMARY JUDGMENT.........9

A. Standard of Review for Summary Judgment..................................9

B. There Exist Several Material Issues..........................................10

V. Conclusion..........................................................................10

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

1

TABLE OF AUTHORITIES

2 | Cases:

3 | *De La Cruz v. Tormey*, 582 F2d 45,48 (9th Cir. 1978)..........................7

4 | *Waldridge v. American Hoechst Corp.*, 14 F3d 918,921 (7th Cir.1994).......10

5 | Statutes and Rules:

6 | F.R.C.P. 12(b)(6)....................................................................2

7 | F.R.C.P. 12(c).........................................................................3

8 | Local Rule 56-2.......................................................................3

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

1    In at least as early as Plaintiff DANIEL HENDERSON ("Dan Henderon")
and his teammate Randy Couture coined the mark TEAM QUEST and
commissioned an artist to create the TEAM QUEST logo artwork (collectively,
"the TEAM QUEST marks").  Both Dan Henderson and Randy Couture proceeded
to amass extensive goodwill associated with the TEAM QUEST marks by using
them in conjunction with mixed martial arts tournaments throughout the world in
which they competed and often won.  Dan Henderson continued to dominate the
sport defeating most of the world's greatest fighters, one by one, and eventually
winning more mixed martial arts tournament titles than anyone else in the history
of the sport.  This was all done while wearing t-shirts and shorts featuring the
TEAM QUEST marks in various forms where ever possible so that the hundreds of
thousands of viewer throughout the U.S. and the world would associate his mixed
martial arts team with the TEAM QUEST marks.  Dan Henderson's association
with the TEAM QUEST marks grew so strong that when Sony released a mixed
martial arts video game for the Playstation2 modeled after the PRIDE tournaments
that included an animated Dan Henderson, his character wore a t-shirt featuring the
TEAM QUEST marks.

A couple *years* after Dan Henderson and Randy Couture started using the
TEAM QUEST marks, Defendant MATTHEW LINDLAND ("Matt Lindland")
became a partner in a small gymnasium in Portland Oregon and incorporated it
under the same name, TEAM QUEST FIGHT CLUB, LLC ("TQFC").  This was
with done with the knowledge and consent of Dan Henderson as the gymnasium
was initially co-owned with Randy Couture, Dan Henderson's teammate and co-
founder the mixed martial arts team, TEAM QUEST.

Subsequently, Matt Lindland applied for federal trademark registrations for
the TEAM QUEST marks in the name of TQFC without disclosing to the U.S.
Patent and Trademark Office that TQFC was not the prior or senior user of the

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT** – Page 1

1   marks in violation of the requisite oath upon application.  After receiving a

2   registration in the name of TQFC, Matt Lindland approached Dan Henderson with

3   a request for partial compensation of the legal fees he spent registering the marks.

4   Dan Henderson refused this request.

5          Eventually, operating under the false impression that his fraudulently

6   obtained trademark registrations granted him greater ownership rights, Matt

7   Lindland, through counsel, sent Dan Henderson a cease and desist letter on January

8   24, 2011.  In order to preserve his rights, Dan Henderson filed a Complaint on

9   February 14, 2011.

10          In response to Dan Henderson's Complaint, Defendants filed an Answer and

11   Counterclaims simultaneously with an ambiguous Motion to Dismiss that cites

12   F.R.C.P. 12(b)(6), 12(c), and 56, but does not identify any specific shortcomings in

13   Plaintiff's pleadings or argue that no material facts are in dispute.  Instead,

14   Defendants' Motion to Dismiss sets forth Defendants' view of the case in a

15   narrative form and asks this Court deny Dan Henderson the opportunity to respond

16   by either dismissing his Complaint outright or summarily adjudicating the matter.

17          Dan Henderson respectfully requests that the Court reject Defendants'

18   Motion to Dismiss as it is procedurally improper, fails to address the criteria of any

19   of the cited federal rules, and because Defendants' view of the case is both

20   factually incorrect and based on a misunderstanding of the law.

21                **A. Procedural Deficiencies of Defendant's Motion**

22          Plaintiff's Motion to Dismiss contains several procedural deficiencies.

23   Plaintiff's counsel requested that Defendants' counsel withdraw defendants Motion

24   to Dismiss due the procedural deficiencies but defendants' counsel refused.

25   1. F.R.C.P. 12(b)(6) states that "[a] motion asserting any of these defenses

26      [referring to subsection 1-7, including 6] must be made *before pleading* if a

27      responsive pleading is allowed ."  Defendants' motion was made concurrently

28      with the responsive pleading and is therefore untimely and improper.

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT** – Page 2

2.  F.R.C.P. 12 (c) states that a Motion under this section may be brought "[a]fter the pleadings are closed.  The *close of pleading* refers to the time when all required or permitted pleadings pursuant to F.R.C.P. 7(a) have been served and filed. *In re Villegas*, 132 B.R. 742 (9th Cir. BAP 1991).  Defendants' Answer was accompanied by Defendants' Counterclaims which are not answered at this time therefore the pleading are not *closed*-i.e. Defendants' Motion is untimely and improper.

3.   Local Rule 56-2 states that "[a] party filing a notice of motion for summary judgment or partial summary judgment shall lodge a proposed "*Statement of Uncontroverted Facts and Conclusions of Law.*"  Such proposed statements shall set forth the material facts as to which the moving party contends there is no genuine dispute.  Defendants' Motion to Dismiss contains no such section which greatly multiplies the burden of responding as Plaintiff must speculate as to which facts Defendant thinks are not in dispute.

**II. STATEMENT OF FACTS**

As mentioned above, Plaintiff Daniel Henderson and his teammate Randy Couture coined the mark TEAM QUEST and commissioned an artist by the name of Tom McGee to create the TEAM QUEST logo artwork. (See Henderson Decl. ¶¶ 2 and 3) Matthew Lindland was not present or involved at this initial stage (See Couture Decl. ¶ 4).  Tom McGee designed the TEAM QUEST logo and then had t-shirts featuring the TEAM QUEST marks printed at Oregon Screen Impressions located on North Broadway, Portland Oregon. (See Couture Decl. ¶ 5)  Dan Henderson and Randy Couture sold the t-shirts both in the U.S. and in foreign countries when they fought in a mixed martial arts tournaments abroad. (See Couture Decl. ¶ 6).  Both Dan Henderson and Randy Couture proceeded to amass extensive goodwill associated with the TEAM QUEST marks by using them in conjunction with mixed martial arts tournaments throughout the world.  Dan Henderson continued to dominate the sport defeating most of the world's greatest

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT** – Page 3

fighters, one by one, eventually winning more mixed martial arts tournament titles than anyone else in the history of the sport.  This was all done while wearing t-shirts and shorts featuring the TEAM QUEST marks in various forms where ever possible so that viewer throughout the United States and the world would associate his mixed martial arts team with the TEAM QUEST marks.  Some early examples of Dan Henderson  use of the TEAM QUEST marks include:

1.  on February 26, 2000 before fighting Renato Soeral Dan Henderson wore a shirt featuring the mark RINGMASTER and  TEAM QUEST logo (See Exhibit B to Henderson Decl.);

2.  on October 9, 2000 while cornered for Randy Couture during Randy Couture's fight with Jeremy Horn, Dan Henderson wore a t-shirt featuring both of the TEAM QUEST marks (See Exhibit C to Henderson Decl.);

3.  on March 25, 2001 during an interview before fighting Renzo Gracie, Dan Henderson wore a shirt featuring both of the TEAM QUEST marks (See Exhibit D to Henderson Decl.); and

4.  that same day, March 25, 2001,  after stepping into the ring before fighting Renzo Gracie, Dan Henderson was still wearing a shirt featuring the TEAM QUEST marks (See Exhibit E to Henderson Decl.).

The association between Dan Henderson and the TEAM QUEST marks grew so strong that on February 11, 2003 when Sony released a mixed martial arts video game for the Playstation2 modeled after the PRIDE mixed martial arts tournaments, they included an animated Dan Henderson character wearing a t-shirt featuring both of the TEAM QUEST marks. (See Exhibit G to Henderson Decl.)

Dan Henderson's use of the marks TEAM QUEST and the TEAM QUEST logo also included use outside of the ring.  Examples of this use includes:

1.  using the TEAM QUEST marks on Dan Henderson's  Internet website www.danhenderson.com at least as early as May 26, 2002, including a link to a "store" where consumers could buy t-shirts featuring the TEAM QUEST marks.

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT** – Page 4

1  (An image of this website from May 26, 2002 has been retrieved from the

2  Internet archive Wayback Machine.)  (See Exhibit F to Henderson Decl.);

3  2.  sales of DVD's titled "Learn to Fight and Win" are currently being sold on the

4     website www.budovideos.com that feature Dan Henderson demonstrating and

5     instructing mixed martial arts while wearing a t-shirt that displays the TEAM

6     QUEST marks (See Exhibit N to Henderson Decl.); and

7  3.  Dan Henderson's current website www.danhenderson.com that features the

8     TEAM QUEST marks and a picture of the facility where Dan Henderson

9     currently provides mixed martial arts instruction (See Exhibit O to Henderson

10    Decl.).

11  Dan Henderson continued to use the mark inside the ring as well.  Examples of

12  Dan Henderson later use inside the ring include:

13    1.  on March 16, 2003 when Dan Henderson fought Shungo Oyama wearing

14       shorts that featured the TEAM QUEST logo on the front left leg (See

15       Exhibit H to Henderson Decl.) and the mark TEAM QUEST across the back

16       (See Exhibit I to Henderson Decl.);

17    2.  on November 9, 2003 weighting in and posing for the media before fighting

18       Murilo Bustamante wearing pants that feature the TEAM QUEST logo on

19       the front left leg (See Exhibit J to Henderson Decl.);

20    3.  on that same day, November 9, 2003, warming up for the fight with Murilo

21       Bustmante with a teammate, both wearing t-shirts that feature the TEAM

22       QUEST marks (See Exhibit K to Henderson Decl.);

23    4.  on September 9, 2005, fighting Akihiro Gono while wearing shorts that

24       feature both of the TEAM QUEST marks along the right leg (See Exhibit L

25       to Henderson Decl.); and

26    5.  on October 21, 2006, before fighting Vitor Belfot wearing a t-shirt featuring

27       the TEAM QUEST marks on the left shoulder (See Exhibit M to Henderson

28       Decl.).

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT** – Page 5

1    Meanwhile, a of couple *years,* after Dan Henderson and Randy Couture created

2    the TEAM QUEST marks and consumers throughout the mixed martial arts world

3    associated Dan Henderson with the mark, Defendant MATTHEW LINDLAND

4    ("Matt Lindland") became a partner in a small gymnasium in Portland Oregon and

5    incorporated it under the name, TEAM QUEST FIGHT CLUB, LLC ("TQFC").

6    (See Couture Decl.¶ ¶ 3 and 12).  This was with done with the knowledge and

7    consent of Dan Henderson as the gymnasium was initially co-owned with Randy

8    Couture, Dan Henderson's teammate and co-founder the mixed martial arts team,

9    TEAM QUEST. (See Couture Decl. ¶ 13).

10    Subsequently, Matt Lindland applied for federal trademark registrations for

11    the TEAM QUEST marks in the name of TQFC without disclosing to the U.S.

12    Patent and Trademark Office that TQFC was not the prior or senior user of the

13    marks in violation of the requisite oath upon application.  After receiving a

14    registration in the name of TQFC, Matt Lindland approached Dan Henderson with

15    a request for partial compensation for the legal fees he spent registering the marks.

16    Dan Henderson refused this request and declined other offers from Matt Lindland

17    including co-owning the marks under a separate corporate entity

18    Eventually, operating under the false impression that his fraudulently

19    obtained trademark registrations granted him greater ownership rights, Matt

20    Lindland, through counsel, sent Dan Henderson a cease and desist letter on January

21    24, 2011. (See Exhibit A to Henderson Decl.)  In order to preserve his rights, Dan

22    Henderson filed a Complaint on February 14, 2011.

23    After realizing that Matt Lindland and TQFC, despite being junior and

24    subsequent users, were attempting to highjack the TEAM QUEST marks that Dan

25    Henderson created and used since its inception, Dan Henderson took further steps

26    to secure his intellectual property rights including purchasing the copyright in the

27    TEAM QUEST artwork from the original artist, Tom McGee. (See Exhibits P and

28    Q to Henderson Decl.)

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT** – Page 6

1    **III.   LEGAL ARGUMENT**

2      **A. Standard of Review for F.R.C.P. 12(b)(6) and 12(c)**

3        A Motion to Dismiss for failure to state a claim upon which relief can be

4 granted under F.R.C.P. 12(b)(6) tests the legal sufficiency of the claims in the

5 Complaint. *De La Cruz v. Tormey*, 582 F2d 45,48 (9th Cir. 1978).  The legal

6 sufficiency of a claim is measured by whether it meets the relevant pleading

7 standard set forth in F.R.C.P. 8 which directs that the pleader state a claim for

8 relief containing "(1) a short and plain statement of the grounds for the court's

9 jurisdiction, unless the court already has jurisdiction and the claims needs no

10 jurisdictional support; (2) a short and plain statement of the claim showing that the

11 pleader is entitled to relief; and (3) a demand for relief sought, which may include

12 relief in the alternative or different types of relief."

13        A Rule 12(b)(6) motion and a Rule 12(c) motion for judgment on the

14 pleadings raises the same challenge: whether or not the Complaint states a claims

15 upon which relief  can be granted.  Both assume the well-pleaded allegations in the

16 complaint are true.

17        Dan Henderson's Complaint is very thorough and easily meets or exceeds

18 the very basic pleading requirements for each of the five causes of action asserted.

19      **B. Plaintiff has Sufficiently Plead a Short Plain Statement of the**

20         **Courts Jurisdiction Pursuant to F.R.C.P. 8(a)(1)**

21        Dan Henderson's Complaint addresses the jurisdictional requirements for all

22 five causes of action paragraphs 8-12 of his Complaint. These paragraphs address

23 this Court's subject matter jurisdiction, this Court's personal jurisdictional over

24 Matt Lindland, this Court's personal jurisdiction over TQFC, and the

25 appropriateness of this Court as to the venue to adjudicate this dispute. (See

26 Plaintiff's Complaint ¶¶ 8-12).  Defendants admit these paragraphs in Defendants'

27 Answer. (See Defendants' Answer ¶¶8-12); therefore, Dan Henderson has met the

28 jurisdictional pleading requirement.

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT** – Page 7

1
2
3

     **C. Plaintiff Sufficiently Alleged a Short Plain Statement of the Claim**
      **Showing the Pleader is Entitled to Relief Pursuant to F.R.C.P.**
        **8(a)(2)**

4
5
6
7

     Comprising a total of seventy-two (72) paragraphs for only five (5) causes of action, Dan Henderson's Complaint is very thorough. It properly alleges all of the requisite elements of each of the five causes of action. Each cause of action repeats and incorporates by reference all the previous allegations.

8
9
10
11
12
13
14
15

     Dan Henderson's First cause of action for Common Law Trademark Infringement is supported, *inter alia*, by his allegation of ownership through use in commerce as early as 1999 (Plaintiff's Complaint ¶¶ 12, 32, and 33), the marks eligibility to serve as a trademark (Plaintiff's Complaint ¶¶ 35, 36), Matt Lindland's and TQFC's junior use of the marks (Plaintiff's Complaint ¶¶ 37,39), Dan Henderson's withdrawal of all consent and authorization of Matt Lindland and TQFC (Plaintiff's Complaint ¶¶ 37,39), and that the conduct of Matt Lindland and TQFC is likely to cause confusion. (Plaintiff's Complaint ¶43).

16
17
18
19
20
21
22

     Dan Henderson's Second Cause of action for Copyright Infringement includes a pleading that the TEAM QUEST artwork is an original work of art created by Tom McGee (Plaintiff's Complaint ¶ 50), that Dan Henderson is the owner of the copyright in the artwork pursuant to an assignment (Plaintiff's Complaint ¶ 51), and that without a license, authority, or permission Matt Lindland and TQFC are unlawfully displaying the copies of Henderson's copyrighted artwork. (Plaintiff's Complaint ¶ 53).

23
24
25
26
27

     The third, fourth, and fifth causes of action all plead various forms of unfair competition that stem from the first two causes of action. They incorporate the previous pleading and include additional variations. These pleading more than meet the requisite minimum of a "short plain statement of the claim showing that pleader is entitled to relief." F.R.C.P. 8(a)(2).

28

     **D. Conclusion Regarding F.R.C.P. 12(b)(6) and 12(c)**

Plaintiff's five (5) causes or action are well pled and sufficiently meet the threshold criteria F.R.C.P. 8(a).  Further, Defendants' Motion gives no substantive reasons supporting its Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) and 12(c).  Instead Defendants' rely on legal hyperbole such as calling the Plaintiff's Complaint *"wholly without merit."*  Plaintiff, therefore respectfully requests that this Court deny Defendants' Motion to Dismiss.

## IV.   LEGAL ARGUMENT REGARDING SUMMARY JUDGMENT

### A. Standard of Review for Summary Judgment

A party opposing a motion for summary judgment must set forth specific material facts showing a "genuine dispute" as to a material fact.  F.R.C.P. 56(a),(c)(1).  The non-movant need not match the movant witness for witness, nor persuade the Court that her case is convincing, she need only come forward with appropriate evidence demonstrating that there is a pending dispute of material fact. *Waldridge v. American Hoechst Corp.*, 14 F3d 918,921 (7th Cir.1994).

### B. There Exist Several Material Issues

Defendants' Motion to Dismiss made did not comport with Local Rule 56-1 requiring the moving party to lodge a *"Statement of Uncontroverted Fact and Conclusions of law"* making it difficult to address the Defendants' position, however, as set forth in Plaintiff Statement of Genuine Disputes, there are several matters that are not ripe for summary judgment set forth in the Plaintiff's Statement of Genuine Disputes but here are main ones.

1. The parties disagree whether Dan Henderson is the senior prior user of the TEAM QUEST marks.  Dan Henderson submitted evidence of use as early as February 26, 2000 (See Henderson Decl. ¶7 and Exhibit B to Henderson Decl.). Defendants' state that this use does not give rise to U.S. trademarks because it occurred in a foreign country.  However, Randy Couture's declaration states that the events where filmed and made available to U.S. viewer through cable television, DVD's, and other media. (See Couture Decl. ¶ 8).

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT – Page 9

2. The parties disagree whether Dan Henderson owns the copyright to the TEAM QUEST logo artwork.  Dan Henderson submitted evidence of ownership via a written transfer from the artist.  (See Henderson Decl. ¶¶ 21 and 22 and Exhibits P and Q to Hednerson Decl.).

**V. Conclusion**

For the forgoing reasons, Plaintiff Dan Henderson respectfully request that this Court deny Defendant's Motion to Dismiss and allow this case to proceed to trial so that the several genuine disputes of material fact may be adjudicated by jury, or in the alternative grant Plaintiff's expedited discovery to collect evidence of Dan Henderson early use of the TEAM QUEST mark in the United States.

Date this 23rd day May 2011

By: _____

Kevin M. Welch (SBN 254565)
LAW OFFICE OF KEVIN M. WELCH
P.O. Box 494
Hermosa Beach, CA 90254
Tel: (310) 929-0553
Email: Kevin@kmwlawoffice.com
Attorney for Plaintiff
DANIEL HENDERSON

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT** – Page 10