LAW OFFICE OF KEVIN M. WELCH
Kevin M. Welch, Esq. (SBN 254565)
*Kevin@kmwlawoffice.com*
P.O. Box 494, Hermosa Beach, CA 90245
Tel.: (310) 929-0553
Fax: (310) 698-1626

LAW OFFICES OF CRAIG HOLIDAY
Craig Holiday, Esq. (SBN 222803)
*Craig@holidaylegal.com*
4600 Campus Drive, Suite 108
Newport Beach, CA 92660
Tel.: (949) 261-0288
Fax: (949) 261-0988

Attorneys for Plaintiff,
DANIEL HENDERSON

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DANIEL HENDERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW LINDLAND, an individual, TEAM QUEST FIGHT CLUB, LLC, a Oregon limited liability company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV-11-01350 DDP (DTBx)<br><br>**PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**<br><br>Hearing Date: June 13, 2011<br>Time: 10:00 am<br>Courtroom: 3, 2nd floor<br>Judge: Hon. Dean D. Pregerson |

## I. INTRODUCTION

Defendants MATTHEW LINDLAND ("Matt Lindland") and TEAM QUEST FIGHT CLUB, LLC ("TQFC") continue to argue their case rather than addressing the sufficiency of Plaintiff's pleadings, as is the appropriate focus of a motion to

dismiss pursuant to F.R.C.P. 12(b)(6) or 12(c), or arguing that there are no genuine disputes regarding material facts, as is the appropriate focus of a motion for summary judgment pursuant to F.R.C.P. 56. Plaintiff respectfully requests that this Court consider Plaintiff's Sur-Reply responding to the arguments presented in Defendants' Reply Brief and deny Defendants' Motion to Dismiss, or in the alternative grant Plaintiff expedited discovery to present additional evidence of the existence genuine disputes of material fact.

## II. ARGUMENT

### A. Randy Couture Could Not Have Transferred a Copyright License to TQFC or Matt Lindland Because a Nonexclusive License is Not Assignable

In Defendants Reply Brief, Defendants' state that even accepting Plaintiff's argument that Dan Henderson and Randy Couture commissioned an artist to create the TEAM QUEST logo and began using it as a trademark before Matt Lindland became a partner in the gymnasium named TQFC, that TQFC subsequently acquired an irrevocable right to use the TEAM QUEST artwork.

Defendants' logic is that Dan Henderson and Randy Couture received an irrevocable copyright license from artist Tom McGee and that Randy Couture subsequently transferred this irrevocable license to TQFC. Defendants cite *Asset Marketing Systems, Inc. v. Gagman*, 542 F.3d 748, 754-59 (9th Cir. 2008) as the authority for this proposition. (See Rely Brief, p. 4).

Defendants' logic fails, however, because a nonexclusive license, whether irrevocable or not, is *not assignable* as a matter of substantive copyright law. This is because "the nonexclusive license is personal to the transferee and the licensee cannot assign it to a third party without consent of the copyright owner." *In re Patient Educ. Media, Inc.*, 210 B.R. 237, 240 (Bankr. S.D.N.Y. 1997). The court imported the federal common law non-assignability doctrine from patent law to hold that a nonexclusive copyright license "is personal to the transferee...and the

PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT – Page 1


**PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT** – Page 1

licensee cannot assign it to a third party without the consent of the copyright owner." *Harris v. Emus Records Corporation*, 734 F.2d 1329, 1333-34 (9th Cir. 1984). The underlying patent law authority regarding the personal nature of nonexclusive licenses and the non-assignability doctrine can be found in the Supreme Court case *Hapgood v. Hewitt,* 119 U.S. 226 (1886).

Further, Defendants cannot argue that the artist, Tom McGee, gave Dan Henderson and Randy Couture an *exclusive license* because a grant of an exclusive license is considered a *transfer of ownership* under the Copyright Act of 1976 and is not valid unless "an instrument of conveyance, or note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed…." 17 U.S.C. 101; 17 U.S.C. 204(a). Tom McGee did not sign any document until he assigned his copyright in the TEAM QUEST logo artwork to Dan Henderson and Randy Couture on December 31, 2010. (See Couture Decl., ¶¶ 10-1 and Henderson Decl., ¶¶ 21-22).

Defendants' arguments not only reflect an incorrect interpretation of copyright law, but also fail to address the threshold questions of F.R.C.P. 12(b)(6), 12(c), and 56; therefore, Plaintiff Dan Henderson respectfully requests that this Court deny Defendants' Motion to Dismiss and allow this dispute to proceed to Discovery.

### B. Henderson is Not Barred by Laches, Acquiescence or Estoppel Because TQFC and Matt Lindland were Licensees in Good Standing Until TQFC Sent Dan Henderson a Cease & Desist Letter on January 24, 2011

In Defendants' Reply Brief, Defendants' assert that *"the ten year delay is not addressed in Plaintiff's Statement of Genuine Dispute"* and assert that the *"Henderson Complaint should be dismissed on this basis alone."* (See Reply Brief, p. 2, ¶ 1, and p3,¶ 5).

This statement fails to recognize paragraph 5 of Plaintiff's Statement of

Genuine Dispute which states *"There is a genuine dispute as to whether MATTHEW LINDLAND ("Matt Lindland") and TEAM QUEST FIGHT CLUB, LLC ("TQFC") were licensees of Dan Henderson and Randy Couture pursuant to an implied license as their use was subsequent and junior with the knowledge and consent of Dan Henderson and Randy Couture."* (See Statement of Genuine Dispute, ¶ 5 and Couture Decl., ¶ 12).

The significance of this genuine dispute of material fact is that Dan Henderson, as the senior user and licensor, had no obligation to sue Matt Lindland or TQFC while Defendants remained licensees in good standing as such use is non-infringing. *Mead Johnson & Co. v. Baby's Formula Service, Inc.*, 402 F.2d 19 (5th Cir. 1968). (Noninfringing use is not relevant to the defense of laches). Further, "delay in commencement of suit to accommodate settlement negotiations does not count toward laches." *E. & J. Gallo Cattle Co.*, 967 F.2d 1280 (9th Cir. 1992).

It was not until Dan Henderson received a Cease & Desist letter from Defendants' on January 24, 2011 that Defendants' use became hostile to Dan Henderson's ownership of the TEAM QUEST marks. (See Henderson Decl., ¶ 6). Dan Henderson took immediate steps to protect his rights by filing a Complaint on February 14, 2011, a mere three weeks later. (See Complaint).

Further, a finding of laches, acquiesence, or estoppel is a fact intensive determination that "depends upon a consideration of the circumstances of each particular case and a balancing of the interests and equities of the parties" *Cuban Cigar Brands N.V. v. Upmann Intern.*, Inc. 457 F.Supp 1090, 1096 (S.D.N.Y. 1978). As such, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss so that Plaintiff may have the opportunity to conduct discovery and place before the Court all of the relevant facts in the present dispute prior to an adjudication of this matter.

### III. CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss, or alternatively grant Plaintiff leave to take expedited discovery on the issue of whether genuine disputes exist regarding material facts.

Dated: May 31, 2011

Respectfully Submitted,

By: _____

Kevin M. Welch (SBN 254565)

LAW OFFICE OF KEVIN M. WELCH
P.O. Box 494
Hermosa Beach, CA 90254
Tel.: (310) 929-0553
Email: Kevin@kmwlawoffice.com
Attorney for Plaintiff,
DANIEL HENDERSON