O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HENDERSON, an individual, | Case No. CV 11-01350 DDP (DTBx) |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS CASE, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT** |
| v. | [Motion filed on May 2, 2011] |
| MATTHEW LINDLAND, an individual; TEAM QUEST FIGHT CLUB, LLC, an Oregon limited liability company, | |
| Defendants. | |

Defendants Matthew Lindland and Team Quest Fight Club, LLC ("TQFC" and together "Defendants") move this court to dismiss Plaintiff Daniel Henderson's complaint or, in the alternative, for summary judgment. Having reviewed the parties papers and heard oral arguments, the court DENIES the motion.

**I.  Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal when the plaintiff's allegations fail to state a claim upon which relief can be granted. When considering a 12(b)(6) motion to dismiss for failure to state a

claim, "all allegations of material fact are accepted as true and should be construed in the light most favorable to [the] plaintiff." Resnick v. Hayes, 213 F.3d 433, 447 (9th Cir. 2000).

In Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), the Supreme Court explained that a court considering a 12(b)(6) motion should first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Next, the court should identify the complaint's "well-pleaded factual allegations, . . . assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." (internal quotation marks omitted)).

A party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c). Judgment on the pleadings is proper when the moving party clearly establishes that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. See Doleman v. Meiji Mut. Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984). The standard applied on a Rule 12(c) motion is essentially the same as that applied on a Rule 12(b)(6) motion to dismiss for failure to state a claim. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990).

Under Rule 56, a motion for summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

**II. Discussion**

First, Defendants move this court to dismiss Plaintiff's complaint for failure to state a claim under Rule 12(b)(6). Defendants conclude that they are entitled to relief under Rule 12(b)(6) because TQFC holds the copyrights for the TEAM QUEST name and marks and Team Quest Logo and because Plaintiff's "allegations regarding priority of use are inconsistent with his own activities and own admissions." (Def.'s Motion 12:24-28.) On a motion to dismiss, however, the court is bound to accept all allegations of material facts as true and to construe them in the light most favorable to Plaintiff. See Resnick, 213 F.3d at 447.

Here, material facts remain in dispute, and taking those facts in the light most favorable to Plaintiff, Plaintiff has stated a valid and plausible claim. Because Plaintiff has stated a valid claim for copyright and trademark infringement, the court denies Defendants' motion to dismiss Plaintiff's complaint under Rule 12(b)(6) for failure to state a claim.

3

Next, Defendants contend that they are entitled to relief under Rule 12(c) or, alternatively, summary judgment pursuant to Rule 56. Both judgment on the pleadings under Rule 12(c) and summary judgment under Rule 56 are proper only when the moving party clearly establishes that no material issue of fact remains to be resolved. See Doleman, 727 F.2d at 1482. Here, material facts are in dispute. For example, the parties disagree as to whether Plaintiff is the senior prior user of the TEAM QUEST name and marks and Team Quest Logo, and the parties disagree whether Plaintiff owns the copyright to the Team Quest Logo. Furthermore, Defendants have not lodged a Statement of Uncontroverted Fact and Conclusions of Law as required by Local Rule 56-1. Accordingly, Defendants' motion to dismiss Plaintiff's complaint under Rule 12(c) or, alternatively, Rule 56 is denied.

Finally, Defendants argue that Plaintiff's claims are barred by laches, acquiescence and/or estoppel. At this early stage in the litigation, the court is not persuaded by these arguments. Resolution of these issues may be appropriate in a later and properly submitted summary judgment motion, but construing the facts in the light most favorable to Plaintiff and without a full factual record, there remains a dispute as to whether Plaintiff's use of the marks at issue was continuous, whether Plaintiff acquiesced in Defendants' use of the marks, and what the understanding and agreement concerning the shared use of the marks and logo was between the parties prior to the onset of the present litigation.

///

///

**III. Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment is DENIED.

IT IS SO ORDERED.

Dated: June 14, 2011

DEAN D. PREGERSON
United States District Judge