O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DANIEL HENDERSON, an              )   Case No. CV 11-01350 DDP (DTBx)
individual,                       )
                                  )   **ORDER DENYING PLAINTIFF'S MOTIONS**
                Plaintiff,        )   **TO DISMISS AND FOR SANCTIONS**
                                  )
        v.                        )
                                  )
MATTHEW LINDLAND, an              )   [Docket Nos. 48 & 49]
individual; TEAM QUEST FIGHT      )
CLUB, LLC, an Oregon limited      )
liability company ,               )
                                  )
                Defendants.       )
_____   )

    Presently before the court are Plaintiff's Motion to Dismiss

Defendants' Counterclaim for Federal Trademark Counterfeiting

("Motion to Dismiss") and Plaintiff's Motion for Sanctions.  Having

reviewed the parties' moving papers and heard oral argument, the

court denies the Motions and adopts the following Order.

**I.    BACKGROUND**

    This action involves the parties' dispute over who owns and

has the right to use certain TEAM QUEST trademarks.  In their

Counterclaim, Defendants Matthew Lindland and Team Quest Fight

Club, LLC (collectively, "TQFC") contend that they own the marks.

1  According to TQFC, Plaintiff Daniel Henderson ("Henderson") used
2  these marks without authorization, beyond the scope and after
3  rescission of a prior license "to operate a single facility in
4  California under the TEAM QUEST name and marks."  Among other
5  causes of action, TQFC alleges federal trademark infringement and
6  counterfeiting under the Lanham Act, 15 U.S.C. §§ 1114-1125.

7  **II.  LEGAL STANDARD**

8      "After the pleadings are closed - but early enough not to
9  delay  trial - a party may move for judgment on the pleadings."
10 Fed. R. Civ. P. 12(c).  Judgment on the pleadings is proper "when
11 there is no issue of material fact in dispute, and the moving party
12 is entitled to judgment as a matter of law."  Fleming v. Pickard,
13 581 F.3d 922, 925 (9th Cir. 2009).  Because Rule 12(c) is
14 "functionally identical" to Rule 12(b)(6), "the same standard of
15 review applies to motions brought under either rule."  Cafasso v.
16 Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 n. 4 (9th Cir.
17 2011) (internal quotation marks omitted).  Accordingly, when
18 considering a Rule 12(c) motion, "a court must accept as true all
19 allegations of material fact and must construe those facts in the
20 light most favorable to the plaintiff."  Resnick v. Hayes, 213 F.3d
21 443, 447 (9th Cir. 2000).

22 **III. DISCUSSION**

23     In his Motion to Dismiss, Henderson argues that TQFC fails to
24 adequately plead a trademark counterfeiting claim, because
25 "Henderson has a good faith belief that he has an ownership
26 interest in the [TEAM QUEST] marks."  In response, TQFC contends
27 that there is no statutory good faith exception to counterfeiting
28

1  in violation of 15 U.S.C. § 1116(d), and that it has adequately
2  pled such a claim.  The court agrees.

3       A counterfeiting claim under "Section 1116(d) requires that
4  the mark in question be (1) a non-genuine mark identical to the
5  registered, genuine mark of another, where (2) the genuine mark was
6  registered for use on the same goods to which the infringer applied
7  the mark." <u>Louis Vuitton Malletier, S.A. v. Akanoc Solutions,</u>
8  <u>Inc.</u>, 658 F.3d 936, 946 (9th Cir. 2011); <u>see also</u> <u>Partners for</u>
9  <u>Health & Home, L.P. v. Seung Wee Yang</u>, No. CV 09-07849, 2011 WL
10 5387075, at *8 (C.D. Cal. Oct. 28, 2011) ("Trademark infringement
11 under 15 U.S.C. § 1114(1) also constitutes trademark counterfeiting
12 when the infringer uses a 'counterfeit mark,' which is defined as
13 'a counterfeit of a mark that is registered on the principal
14 register in the United States Patent and Trademark Office for such
15 goods or services sold, offered for sale, or distributed and that
16 is in use . . . .' 15 U.S.C. § 1116(d)(1)(B)(I).").

17      There is no dispute that TQFC has adequately pled these
18 elements.  Contrary to Plaintiff's contention, there is no
19 statutory requirement of good faith.  Also, although there is split
20 authority as to whether a former licensee can be held liable for
21 counterfeiting, the Ninth Circuit has answered this question in the
22 affirmative, at least in the context of certification marks.  <u>See</u>
23 <u>Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.</u>, 425 F.3d
24 708, 720-22 (9th Cir. 2005).  The court concludes that the same
25 analysis applies to trademarks more broadly.  <u>See</u> <u>Century 21 Real</u>
26 <u>Estate, LLC v. Destiny Real Estate Props.</u>, No. 4:11-CV-38, 2011 WL
27 6736060, at *3-5 (N.D. Ind. Dec 19, 2011) (discussing the
28 conflicting rulings on this issue and concluding that there is "no

1  reason why an ex-franchisee should escape liability for
2  counterfeiting"); Travis R. Wimberly, <u>Holdover Trademark Licensees</u>
3  <u>and the Counterfeiting Loophole</u>, 88 Tex. L. Rev. 415, 440 (2009)
4  (discussing the split authority and concluding that "[h]oldover
5  licensees, at least in most circumstances, should be adjudged as
6  trademark counterfeiters").

7       Defendants have therefore sufficiently alleged a claim for
8  counterfeiting.  The court notes, however, that certain damages
9  available for counterfeiting claims <u>do</u> require proof of knowledge
10 and intent or willfulness.  <u>See</u> 15 U.S.C. § 1117(b) (mandating
11 treble damages, absent extenuating circumstances, where the
12 violation consists of "intentionally using a mark or designation,
13 knowing such mark or designation is a counterfeit mark"); <u>id.</u> §
14 1117(c) (allowing for increased statutory damages "if the court
15 finds that the use of the counterfeit mark was willful").  The
16 court need not resolve these remedy-related issues at this time.

17      Finally, in his Motion for Sanctions, Henderson asks for
18 attorneys' fees he incurred in responding to TQFC's prior Motion to
19 Dismiss his Complaint.  The court declines to exercise its
20 discretion to award attorneys' fees pursuant to its inherent power,
21 28 U.S.C. § 1927, or Federal Rule of Civil Procedure 11.  The court
22 has reviewed TQFC's prior Motion and finds that it does not rise to
23 the level of bad faith, improper purpose, or unreasonableness that
24 would justify sanctions.
25 ///
26 ///
27 ///
28 ///

4

## IV.  CONCLUSION

For all of these reasons, the court DENIES Plaintiff's Motions to Dismiss and for Sanctions.

IT IS SO ORDERED.

Dated:April 16, 2012

DEAN D. PREGERSON
United States District Judge